1  Gary R. Selvin, State Bar No. 112030
   E-mail:  gselvin@selvinwraith.com
2  Susan F. Halman, State Bar No. 111511
   E-mail:  shalman@selvinwraith.com
3  David A. Evans, State Bar No. 181854
   E-mail:  devans@selvinwraith.com
4  SELVIN WRAITH HALMAN LLP
5  505 14th Street, Suite 1200
   Oakland, CA 94612
6  Telephone:   (510) 874-1811
   Facsimile:    (510) 465-8976
7
8  Attorneys for Plaintiff
   Kinsale Insurance Company
9

10            IN THE UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

| 13 KINSALE INSURANCE COMPANY, | CASE NO. |
| 14 an Arkansas corporation, | |
| 15     Plaintiff, | **KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT** |
| 16     v. | |
| 17 CAL GARDEN, LLC, a California | |
| 18 Limited Liability Company; MING GU, an individual; | |
| 19 JOHN CHENG, an individual; QUEENS LAND BUILDER, INC., | |
| 20 a California corporation; ARCADIA PRINCETON COURT | |
| 21 CORPORATION, a California Non- Profit Mutual Benefit Corporation; | |
| 22 ROYAL CALIFORNIA ESTATES HOMEOWNERS' ASSOCIATION, | |
| 23 a California Non-Profit Mutual Benefit Unincorporated Association, | |
| 24 | |
| 25     Defendants. | |
| 26 | |

27        Plaintiff Kinsale Insurance Company, for its Complaint for Rescission,

28  Declaratory Judgment, and Reimbursement against defendants Cal Garden, LLC, Ming

Gu, John Cheng, Queens Land Builder, Inc., Arcadia Princeton Court Corporation, and Royal California Estates Homeowners' Association, states:

## I.   JURISDICTION AND VENUE

1.     This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332, as the amount in controversy, exclusive of interest and costs, greatly exceeds $75,000 and the parties are citizens of different states, and an actual justiciable controversy exists between plaintiff and defendants within the meaning of 28 U.S.C. §2201 regarding the scope and extent of insurance coverage provided under the Kinsale policies issued to Cal Garden, LLC.

2.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) as the events and omissions giving rise to the claims occurred in this district and the defendants are subject to personal jurisdiction in this district. In addition, the contract of insurance which is the subject this complaint identifies a location within this district – 415 California Street, Arcadia, CA 91007 – as the Location of Operation.

## II.   PARTIES

3.     Plaintiff Kinsale Insurance Company ("Kinsale") is, and at all times was, an Arkansas corporation, with its principal place of business in Richmond, Virginia. Kinsale is an eligible non-admitted carrier in California.  Kinsale issued an Owners and Contractors Protective Liability insurance policy to named insured Cal Garden LLC, policy no. 0100051726-0, effective from May 24, 2017 to November 24, 2017 ("the Kinsale Policy).  A true and correct copy of the Kinsale Policy is attached hereto as Exhibit A.

4.     Defendant Cal Garden, LLC ("Cal Garden") is, and at all times herein mentioned was, a property development company organized and existing as a limited liability company under the laws of the State of California, with its principal place of business in the County of Los Angeles, California.

5.     Defendant Ming Gu ("Gu") is, and at all times herein mentioned was, an individual residing in the County of Los Angeles.  At all relevant times, Gu was a

2

member of Cal Garden, LLC.

6.      Defendant John Cheng ("Cheng") is, and at all times herein mentioned was, an individual residing in the County of Los Angeles.  At all relevant times, Cheng was a member of Cal Garden, LLC.

7.      Defendant Queens Land Builder, Inc. ("QLB") is, and at all times herein mentioned was, a construction company organized and existing as a corporation under the laws of the State of California, with its principal place of business in the County of Los Angeles, California.  QLB is named as a defendant to this lawsuit because QLB acted on behalf of and as an agent of Cal Garden in submitting the policy applications to Kinsale to procure the Owners and Contractors Protective Liability policy for Cal Garden, and QLB is identified as the designated "contractor" in the Declarations of the Kinsale Policy.  Therefore, QLB is a necessary party defendant to this action so as to bind it to any judicial determination herein regarding Kinsale's request for rescission of, and request for declaratory judgment concerning, the insurance policy referenced herein.

8.      Defendant Arcadia Princeton Court Corporation ("Arcadia HOA") is, and at all times herein mentioned was, a non-profit, mutual benefit corporation organized and existing under the laws of the State of California to act as a common interest development association, with its principal place of business in the County of Los Angeles, California, authorized to maintain, manage and operate the common areas of Arcadia Princeton Court condominium development located at 339 – 359 California Street, Arcadia, CA 91006.  Arcadia HOA is the plaintiff in an action entitled *Arcadia Princeton Court Corporation v. Queens Land Building, Inc., et al.*, Los Angeles County Superior Court Case No. 19STCV14551 (filed 4/29/2019) (including all Cross-Complaints, "the Arcadia Action").

9.      Defendant Royal California Estates Homeowners' Association ("Royal HOA") is, and at all times herein mentioned was, a non-profit mutual benefit unincorporated association organized and existing as such under the laws of the State

3

of California, with its principal place of business in the County of Los Angeles, California, and authorized to maintain, manage and operate the common areas of the Royal California Estates townhome development located at 407 – 415 California Street, Arcadia, CA 91006.  Royal HOA is the plaintiff in an action entitled *Royal California Estates Homeowners Association v. Queens Land Builder, Inc., et al.*, Los Angeles County Superior Court Case No. BC720860 (filed 9/6/2018) (including all Cross-Complaints, "the Royal Action").

10.     Arcadia HOA and Royal HOA have made claims against Cal Garden, Gu and Cheng in the Arcadia Action and Royal Action, respectively, and are potential judgment creditors of both Kinsale, under California Insurance Code section 11580, and Kinsale's insureds, Cal Garden, Gu and Cheng.  Therefore, Arcadia HOA and Royal HOA are necessary party defendants to this action to enable Kinsale to obtain a binding adjudication of Kinsale's rights, duties and obligations under the Owners and Contractors Protective Liability policy issued by Kinsale to Cal Garden with respect to any sums that may be awarded to Arcadia HOA or Royal HOA on their respective Complaints and to bind all parties to this judgment.

### III.  THE 415 CALIFORNIA STREET PROJECT

11.     On February 26, 2016, Cal Garden and QLB entered into a written Contract on Construction under which QLB agreed to serve as general contractor for construction of a five-building complex of 20 condominium townhomes with a subterranean parking garage at 415 California Street, Arcadia, California ("the Subject Property").  The Contract identified the Duration of Construction to be 420 calendar days from March 1, 2016 through May 1, 2017.

12.     On May 5, 2016, the City of Arcadia issued a demolition permit to demolish the existing structures on the Subject Property.

13.     On September 15, 2016, the Project Soils Engineer (EGL) submitted a Rough Grading Verification of "Basement" to the City of Arcadia for approval.

///

4

**KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT          CASE NO.**

14.     Beginning on September 22, 2016 and continuing through at least February 2017, the Los Angeles County Department of Public Works conducted inspections and approved placement of rebar and concrete for perimeter walls, retaining walls and concrete pours on the Subject Property.

15.     On December 14, 2016, Arcadia HOA's attorney, Mr. Wayne Grajewski, sent an email to Mr. Jeff Wang requesting copies of all geotechnical reports for Cal Garden's construction project on the Subject Property because the adjacent Arcadia townhomes had suffered damages.

16.     On February 24, 2017, TRI/CON Engineering, Inc. provided to Royal HOA the Report of Preliminary Geotechnical Evaluation of the distress to portions of Royal HOA's property, documenting hairline cracks in exterior walls, separations between the west property line wall and the driveway slab, settlement and cracking of the driveway slab, and cracks in the west property line wall.

17.     On April 13, 2017, the Presidents of Royal HOA and Arcadia HOA submitted a letter to the City Manager and Building Official of City of Arcadia requesting the City's assistance in requiring the property owner and contractor for 417 California Street to remedy the substantial property damage caused by their project to the two adjacent townhome properties.  The letter reported "extensive and substantial settling and subsidence damage" to Royal HOA's property and Arcadia HOA's property, including but not limited to long north-south running cracks in multiple sections of the driveway which "first appeared during the construction of the Construction Project and the width of those cracks has increased and become more pronounced over time during the construction."

18.     On April 28, 2017, Kenny Gao, President of QLB, wrote to the President of Royal HOA regarding "Repair of the Inclined Boundary Walls Next to Neighborhoods in Construction Site at 415 California Street, Arcadia," and described the process by which QLB would begin repairs to the inclined boundary walls beginning in mid-May 2017.

5

**KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT          CASE NO.**

## IV.  CAL GARDEN'S INSURANCE APPLICATIONS AND ISSUANCE OF THE KINSALE POLICY

19.     The Owners and Contractors Protective Liability Coverage Form provides limited project-specific coverage to the named insured owner for its vicarious liability for "bodily injury" or "property damage" arising out of operations performed for the named insured by a designated "contractor" at a location specified in the policy Declarations, or arising out of the named insured's acts or omissions in connection with the general supervision of such operations.  The designated "contractor" purchases the policy on behalf of the named insured owner.

20.     On November 23, 2016, Kinsale received from AmWINS Insurance Brokerage of California, LLC ("AmWINS"), a wholesale insurance broker, a Commercial Insurance Application (ACORD 125 form) dated November 22, 2016 and Owners and Contractors Protective Liability Supplemental Application dated November 15, 2016, on behalf of Cal Garden LLC.  The Supplemental Application identified the Owner as Cal Garden LLC, and the General Contractor as Queens Land Builder, Inc.  The Supplemental Application provided the same QLB email address for both entities: "office.la@qslbuilder.com".  The Proposed Effective Dates for the policy were 12/01/2016 to 12/01/2017.

21.     The Commercial Insurance Application contained a section entitled LOSS HISTORY that requested detailed information about any claims or losses sustained by the Applicant:

| LOSS HISTORY | | Check if none    (Attach Loss Summary for Additional Loss Information) | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ENTER ALL CLAIMS OR LOSSES (REGARDLESS OF FAULT AND WHETHER OR NOT INSURED) OR OCCURRENCES THAT MAY GIVE RISE TO CLAIMS FOR THE LAST ____ YEARS | | | | | | TOTAL LOSSES: $ | | |
| DATE OF OCCURRENCE | LINE | TYPE / DESCRIPTION OF OCCURRENCE OR CLAIM | DATE OF CLAIM | AMOUNT PAID | | AMOUNT RESERVED | SUBRO-GATION Y / N | CLAIM OPEN Y / N |
| | | | | | | | | |
| | | | | | | | | |

Cal Garden did not disclose any claims, losses, or occurrences that may give rise to claims.

22.     The section titled "Signature" in the Commercial Insurance Application states:

**KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT          CASE NO.**

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR ANOTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME AND SUBJECTS THE PERSON TO CRIMINAL AND… CIVIL PENALTIES. …

[…]

THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION.  HE/SHE REPRESENTS THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

Beneath these statements, the Applicant executed the Commercial Insurance Application on November 22, 2016.

23.	Question 14 of the Supplemental Application requested the following information and Cal Garden responded:  "14.  Estimated Length of Project: 9/2016__  to  9/2017___"

24.	The Supplemental Application bears a "Signature of Applicant:  *Robetta*" and "Title (Officer/ {Partner):  Accountant", beneath the following statements:

THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION. THE APPLICANT WARRANTS THAT THE ABOVE STATEMENTS AND PARTICULARS, TOGETHER WITH ANY ATTACHED OR APPENDED DOCUMENTS OR MATERIALS ("THIS APPLICATION"), ARE TRUE AND COMPLETE AND DO NOT MISREPRESENT, MISSTATE OR OMIT ANY MATERIAL FACTS.  FURTHERMORE, THE APPLICANT AUTHORIZES THE COMPANY TO MAKE ANY INVESTIGATION AND INQUIRY IN CONNECTION WITH THE APPLICATION AS IT MAY DEEM NECESSARY.

THE APPLICANT AGREES TO NOTIFY THE COMPANY OF ANY MATERIAL CHANGES IN THE ANSWERS TO THE QUESTIONS ON THIS APPLICATION WHICH MAY ARISE PRIOR TO THE EFFECTIVE DATE OF ANY POLICY ISSUED PURSUANT TO THIS APPLICATION AND THE APPLICANT UNDERSTANDS THAT ANY OUTSTANDING QUOTATIONS MAY BE MODIFIED OR WITHDRAWN BASED UPON SUCH CHANGES AT THE SOLE DISCRETION OF THE COMPANY.

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR ANOTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME AND SUBJECTS THE PERSON TO CRIMINAL AND [NY: SUBSTANTIAL] CIVIL PENALTIES. (NOT APPLICABLE IN CO, DC, FL, HI, MA, NE, OH, OK, OR, VT OR WA. INSURANCE BENEFITS MAY ALSO BE DENIED IN LA, ME, TN, AND VA).

7

25.     On November 23, 2016, based upon Cal Garden's representations and responses made in the Commercial Insurance Application and Supplemental Application forms for the Owners and Contractors Protective Liability policy, Kinsale sent the AmWINS broker a Quote to insure Cal Garden LLC for a proposed policy period from 12/01/2016 to 12/01/2017.  Kinsale was not asked to bind the Quote.

26.     On May 23, 2017 at 10:52 a.m., Kinsale received an email from AmWINS requesting an updated quote based on Cal Garden's previous November 2016 application, but for six months of coverage instead of one year.  The AmWINS broker wrote: "You gave me this OCP quote back in Nov & **it seems the project is ready to start with no changes to the previous submission** so I wanted to see if we can get an updated quote but based on just 6 months of coverage." (Bold added.)

27.     On May 23, 2017 at 1:20 p.m., Kinsale sent an email to the AmWINS broker with an updated Quote for an Owners and Contractors Protective Liability to insure Cal Garden LLC as the named insured for a proposed policy period from May 24, 2017 to November 24, 2017.  The Quote was subject to three contingencies:

**Contingencies:**
This Quote is subject to our receipt and acceptance of the following items:
1) Subject to currently signed, dated and completed supplemental application - Kinsale or other's application accepted.
2) Subject to a copy of the General Contractor's Certificate of Insurance.
3) Confirmation that the project has not yet started.

28.     On May 23, 2017 at 1:23 p.m., the AmWINS broker replied to Kinsale by email instructing Kinsale to bind the Quote, and stating: "I've attached the cert from the GC along with the signed supp app for your file.  **Also construction hasn't started yet**.  Please send your binder for my file." (Bold added.)  The Owners and Contractors Protective Liability Supplemental Application attached to the AmWINS broker's May 23, 2017 email was dated and executed by *Robetta* on May 15, 2017, and responded to Question 14 as follows: "14.  Estimated Length of Project: 5/2017_  to  5/2018_"

///

8

**KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT          CASE NO.**

29.     Based upon the information provided in the Commercial Insurance Application and the updated Supplemental Application submitted on behalf of Cal Garden, and the representations and assurances of the AmWINS broker on May 23, 2017, that the construction project on the Subject Property had not yet begun and that there were no changes to the information contained in the application submitted six months earlier, Kinsale agreed to and did bind the Owners and Contractors Protective Liability Policy for Cal Garden LLC as the named insured, policy no. 0100051726-0, effective May 24, 2017 to November 24, 2017, for a premium charge of $5,800 ("the Kinsale Policy").

## V.   THE KINSALE POLICY

30.     The Kinsale Policy contains the Owners and Contractors Protective Liability Coverage Form – Coverage for Operations of Designated Contractor (form CG0009 1001) which specially defines the terms "you," "your," "insured," "we," "us" and "our," as used throughout the Policy:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section II - Who Is An Insured.
>
> Other words and phrases that appear in bold face have special meanings as set forth in Section V - Definitions.

31.     In Section I – Coverages, Bodily Injury And Property Damage Liability, paragraph 1. Insuring Agreement, the Kinsale Policy states:

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  …

**b.**     This insurance applies to "bodily injury" and "property damage" only if:

9

**KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT          CASE NO.**

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" and arises out of:

    **(a)** Operations performed for you by the "contractor" at the location specified in the Declarations; or

    **(b)** Your acts or omissions in connection with the general supervision of such operations;

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1**. of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

[…]

///

///

**KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT          CASE NO.**

32.     Paragraph **1**. of Section **II** – Who Is An Insured of the Kinsale Policy states:

**SECTION II – WHO IS AN INSURED**

**1.**     If you are designated in the Declarations as:

    **a.**     An individual, you and your spouse are insureds.

    **b.**     A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to their duties as partners or members of a joint venture.

    **c.**     A limited liability company, you are an insured. Your members are also insureds, but only with respect to their duties as members of a limited liability company. Your managers are insureds, but only with respect to their duties as your managers.

    **d.**     An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

33.     Section **V** – Definitions of the Kinsale Policy sets forth special definitions for certain words and phrases, including the following:

    **3.**     "Contractor" means the contractor designated in the Declarations.

    […]

    **11.**     "Occurrence" means an accident, including a continuous or repeated exposure to substantially the same generally harmful conditions.

    […]

    **13.**     "Property damage" means:

        **a.**     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use will be deemed to occur at the time of the physical injury that caused it; or

        **b.**     Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

///

///

**KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT          CASE NO.**

14. "Suit" means a civil proceeding … in which damage because of "bodily injury" or "property damage" to which this insurance applies is alleged.  "Suit" includes:

    a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

[…]

16. "Work" includes materials, parts or equipment furnished in connection with the operations.

## VI.  THE ARCADIA AND ROYAL LAWSUITS

34. On April 26, 2019, Arcadia HOA initiated the Arcadia Action against Cal Garden, QLB, Gu, Cheng and others, alleging that construction of the Subject Property caused damage to neighboring property located on the western boundary of the Subject Property at 339-359 California Street, Arcadia, California.

35. On September 6, 2018, Royal HOA filed the Royal Action against QLB, Cal Garden, Gu, Cheng and other defendants, alleging that construction of the Subject Property caused damage to the property located on the eastern boundary of the Subject Property at 417 California Street, Arcadia, California.

36. The Complaints in the Arcadia Action and Royal Action allege the design of the Subject Property included a subterranean parking garage, construction of which required "deep excavation to within a few feet of the lot lines" of the Arcadia HOA and Royal HOA properties.

37. The Complaints filed in the Arcadia Action and the Royal Action allege that demolition, excavation and construction began on the Subject Property in 2016.

38. The Complaint in the Arcadia Action alleges that construction of the subterranean parking garage at the Subject Property caused subsidence damage to Arcadia HOA's property in the form of "sinking, rotation, cracking, and separation" to a masonry wall between the two properties, and cracking, separation of materials,

**KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT          CASE NO.**

1   sinkholes and damage to vegetation.

2       39.    The Complaint in the Arcadia Action alleges that Arcadia first discovered

3   lateral movement and subsidence of Arcadia HOA's property in August 2016, and that

4   Arcadia notified Cal Garden and others of the subsidence conditions and have

5   demanded abatement since September 2016.

6       40.    The Complaint in the Arcadia Action alleges that repairs of the damage

7   caused by construction at the Subject Property requires removal and replacement of the

8   masonry wall and backyard improvements, and recompaction of soils.

9       41.    The Complaint in the Royal Action alleges the construction of the

10  subterranean parking garage at the Subject Property caused subsidence-related

11  property damage to the boundary wall between the properties.

12      42.    The Complaint in the Royal Action alleges the boundary wall has

13  subsided, pulled away and separated from its connection to the driveway for Royal

14  HOA's property, damaging both the boundary wall and the driveway.

15      43.    The Complaint in the Royal Action alleges that repairs of the damage

16  caused by construction at the Subject Property requires removal and replacement of the

17  masonry wall and backyard improvements, and recompaction of soils.

18      44.    The Complaint in the Royal Action alleges that beginning in 2016 and

19  continuing until the Complaint was filed, Royal HOA's property has been deprived of

20  lateral and subjacent support as a result of the excavations, grading, shoring and other

21  construction activities on the Subject Property, which have caused the earth, soil and

22  improvements on Royal HOA's property to have settled and subsided.

23                          **FIRST CAUSE OF ACTION**

24                               **(Rescission)**

25      45.    Kinsale realleges and incorporates herein by reference paragraphs 1

26  through 44 of the preceding allegations, as though fully set forth in this cause of action.

27      46.    Kinsale is informed and believes, and on that basis alleges, that statements

28  made by and on behalf of Cal Garden in its applications for the Kinsale Policy were

                                    13

**KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION,**
**DECLARATORY JUDGMENT AND REIMBURSEMENT          CASE NO.**

materially false, were known to be false, and were concealed from Kinsale. Specifically, Kinsale contends Cal Garden and/or its agents and brokers:

a.     Failed to disclose its knowledge of the claims asserted by Arcadia HOA and Royal HOA from and after August 2016 regarding property damage to structures and improvements on their respective properties because of substantial settlement of the soil attributed to excavation and drilling activities conducted on the Subject Property during mid-2016;

b.     Misrepresented on May 23, 2017, that the construction work on the Subject Property had not started when, in fact, the construction work had begun in April 2016 and was ongoing.

c.     Misrepresented on May 23, 2017, that there were no changes to the project since the prior application submitted on behalf of Cal Garden to Kinsale on November 23, 2016.

47.     Cal Garden and its agents knew or should have known at the time of submitting the application to Kinsale on November 23, 2016, and at the time of submitting the updated application on May 23, 2017, that the facts stated therein were false.  Intending to induce Kinsale's reliance upon the information stated in the applications to agree to insure Cal Garden under the Kinsale Policy, Cal Garden and its agents:

a.     Knowingly failed to disclose in the applications their knowledge of the substantial claims asserted by Arcadia HOA and Royal HOA for property damage caused to their respective properties during QLB's construction work performed on the Subject Property during mid-2016;

b.     Falsely asserted on May 23, 2017, that construction on the Subject Property had not yet begun; and

c.     Falsely asserted on May 23, 2017, that there had been no change to the project and no possible claims or occurrence against Cal Garden since submission of the application on behalf of Cal Garden on November 23, 2016.

**KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT           CASE NO.**

48.     Kinsale relied upon the truthfulness, completeness and accuracy of the representations made by and on behalf of Cal Garden in the applications and in communications from the AmWINS broker, and upon Cal Garden's obligation to notify Kinsale of material changes in the answers to questions on the application forms.  Unaware of the falsity of these representations, Kinsale agreed to and did issue the Kinsale Policy to Cal Garden.

49.     If Kinsale had been accurately informed of the true facts, it would not have issued the Kinsale Policy and/or would not have issued the Kinsale Policy on the terms and conditions contained therein and/or would not have issued the Kinsale Policy for the amount of insurance premiums charged.

50.     Kinsale hereby notifies Cal Garden of Kinsale's intent to rescind the Kinsale Policy.  This pleading shall be deemed to constitute Kinsale's offer to restore any insurance premiums paid for the Kinsale Policy, subject to an offset for all sums paid by Kinsale to defend Cal Garden in the Arcadia Action and Royal Action, in order to return the parties to a position *status quo ante*.

51.     Kinsale seeks an order rescinding the Kinsale Policy issued to Cal Garden so that it is null and void *ab initio*, because Kinsale has no other adequate remedy at law.  Kinsale will suffer substantial harm and injury if the Policy is not rescinded because Kinsale has expended, and will continue to expend, substantial sums in the defense of Cal Garden, Gu and Cheng in the Arcadia Action and the Royal Action for a risk materially different from the risk bargained for, and all in an amount which exceeds the jurisdictional minimum.

52.     Kinsale prays for a judgment that the Kinsale Policy is rescinded based upon the material misrepresentations made in the policy applications submitted by or on behalf of Cal Garden.

///

///

///

**KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT          CASE NO.**

# SECOND CAUSE OF ACTION

## (Declaratory Relief – No Duty to Defend or Indemnify)

53. Kinsale realleges and incorporates herein by reference paragraphs 1 through 52 of the preceding allegations, as though fully set forth in this cause of action.

54. The Kinsale policy contains the Owners and Contractors Protective Liability Coverage Form CG0009 1001, which provides insurance for Bodily Injury and Property Damage Liability. The Insuring Agreement states, in relevant part:

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

**b.** This insurance applies to "bodily injury" and "property damage" only if:

   **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" and arises out of:

      **(a)** Operations performed for you by the "contractor" at the location specified in the Declarations; or

      **(b)** Your acts or omissions in connection with the general supervision of such operations;

   **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

   **(3)** Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to

16

**KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT                    CASE NO.**

have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.**   "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)   Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)   Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)   Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

55.   The claims asserted against Cal Garden, Gu and Cheng in the Arcadia Action and the Royal Action do not fall within the Insuring Agreement because one or more insureds listed under Paragraph **1.** of Section **II** – Who Is An Insured and/or agents thereof knew, prior to May 24, 2017, that "property damage" had begun to occur to the Arcadia HOA Property and the Royal HOA Property and was being investigated by geotechnical experts, and that QLB had acknowledged responsibility to repair the inclined boundary walls adjacent to the Arcadia HOA Property and the Royal HOA and that QLB intended to begin repairing the inclined boundary walls beginning in mid-May 2017.

56.   There is at present a controversy between Kinsale and the Defendants in that Kinsale contends it has no potential duty under the Kinsale Policy to indemnify Cal Garden, Gu and/or Cheng for any damages sought by Arcadia HOA and/or Royal HOA, including the damages sought in the Arcadia Action and Royal Action, and, therefore, that Kinsale has never had and currently has no duty to defend Cal Garden, Gu and/or Cheng against the Arcadia Action and Royal Action.

///

**KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT          CASE NO.**

57.     Kinsale requests this Court to declare that it has no duty to defend or indemnify Cal Garden, Gu and/or Cheng against the Arcadia Action and Royal Action because one or more insureds knew, prior to May 24, 2017, of the "property damage" to the Arcadia HOA Property and the Royal HOA Property for which Arcadia HOA and Royal HOA seek to recover damages in their respective lawsuits.

58.     A judicial declaration is appropriate at this time in order that Kinsale may ascertain its rights and duties pursuant to the Kinsale Policy issued to Cal Garden and so that the parties will be bound by the same interpretation of the Kinsale Policy. Kinsale has no other adequate or speedy remedy at law, and a multiplicity of actions will be avoided by the Court's determination of said rights and obligations pursuant to the present action and this request for declaratory relief.

59.     Kinsale seeks a judicial declaration by this Court that Kinsale has no duty to defend or indemnify Cal Garden, Gu and/or Cheng in the Arcadia Action and Royal Action.

### THIRD CAUSE OF ACTION

### (Reimbursement of Defense Fees and Costs Based on Rescission)

60.     Kinsale realleges and incorporates herein by reference paragraphs 1 through 59 of the preceding allegations, as though fully set forth in this cause of action.

61.     Kinsale is entitled to rescind the policy issued to Cal Garden, but it is defending Cal Garden, Gu and Cheng in the Arcadia Action and Royal Action, and has incurred and continues to incur attorneys' fees and costs on behalf of Cal Garden, Gu and Cheng.  Kinsale is providing the defense under a reservation of rights, including the right to seek reimbursement from Cal Garden of attorneys' fees and costs paid by Kinsale in the defense of uncovered claims.  To date, Kinsale has paid in excess of $100,000.00 for investigation of the claims in the Arcadia Action and Royal Action and to defend Cal Garden, Gu and Cheng against the claims alleged in the Arcadia Action and Royal Action.  Kinsale has paid for attorneys' fees, costs and litigation expenses against uninsured causes of action.

18

62.     The attorneys' fees and costs incurred by Kinsale to defend Cal Garden, Gu and Cheng in the Arcadia Action and the Royal Action, and any indemnity which may be paid in connection with a resolution of those lawsuits, are not Kinsale's responsibility inasmuch as the Kinsale Policy is rescinded.  It is therefore entitled to reimbursement of all sums it has paid, less a credit to Cal Garden for the premium it paid for the policy.

## FOURTH CAUSE OF ACTION

### (Reimbursement of Defense Fees and Costs)

63.     Kinsale realleges and incorporates herein by reference paragraphs 1 through 62 of the preceding allegations, as though fully set forth in this cause of action.

64.     Kinsale is defending Cal Garden, Gu and Cheng in the Arcadia Action and Royal Action, and has incurred and continues to incur attorneys' fees and costs on behalf of Cal Garden, Gu and Cheng.  Kinsale is providing the defense under a reservation of rights, including the right to seek reimbursement from Cal Garden of attorneys' fees and costs paid by Kinsale in the defense of uncovered claims.

65.     To date, Kinsale has paid in excess of $100,000.00 for investigation of the claims in the Arcadia Action and Royal Action and to defend Cal Garden, Gu and Cheng against the claims alleged in the Arcadia Action and Royal Action.  Kinsale has paid for attorneys' fees, costs and litigation expenses against uninsured causes of action.

66.     In light of the fact there is not now, and there has never been a duty to defend or indemnify for the claims against Cal Garden, Gu and Cheng in the Arcadia Action or the Royal Action because the claims do not meet the requirements of the Insuring Agreements of the Kinsale Policy, Kinsale is entitled to a full and complete reimbursement from Cal Garden, Gu and Cheng of all attorneys' fees and costs incurred by Kinsale to defend Cal Garden, Gu and Cheng in the Arcadia Action and the Royal Action.

///

**KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT          CASE NO.**

67.    Pursuant to *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643 (2005), and *Buss v. Superior Court*, 16 Cal.4th 35 (1997), Kinsale is entitled to reimbursement of all sums it has paid to defend Cal Garden, Gu and Cheng against the claims asserted in the Arcadia Action and Royal Action, according to proof.

## PRAYER

WHEREFORE, Kinsale prays for judgment against Defendants, and each of them, as follows:

1.    For entry of judgment rescinding the Kinsale Policy No. 0100051726-0, declaring the Kinsale Policy void *ab initio* under which Kinsale will return a sum equal to all premiums received for the Kinsale Policy, subject to an offset for all sums paid by Kinsale to defend Cal Garden, Gu and Cheng in the Arcadia Action and Royal Action, and returning the parties to a position *status quo ante*;

2.    For a judicial declaration that Kinsale had and has no duty to defend or indemnify Cal Garden, Gu and Cheng in the Arcadia Action and Royal Action under the Kinsale policy;

3.    For reimbursement of amounts paid by Kinsale to defend Cal Garden, Gu and Cheng against the Arcadia Action and Royal Action, according to proof;

4.    For an award of costs; and

5.    For such other and further relief as the Court deems just and proper.

Dated:  December 18, 2020          SELVIN WRAITH HALMAN LLP


By:    */s/ Susan F. Halman*
    Gary R. Selvin
    Susan F. Halman
    David A. Evans
    Attorneys for Plaintiff
    Kinsale Insurance Company

351715_2.doc

**KINSALE INSURANCE COMPANY'S COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT          CASE NO.**